UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDALL CLARK, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-00948 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| SIDNEY MCTHEE and MIDDLE ) | |
| TENNESSEE STATE UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Hermitage, Tennessee. He brings this complaint against Sidney "McThee"[1] and Middle Tennessee State University (MTSU) concerning events that allegedly occurred while the plaintiff was on the MTSU campus in search of a job. (Docket No. 1). The plaintiff does not state the legal basis for his claims but, in his "Prayers for Relief" section of the complaint, he seeks the dismissal of criminal charges against him, compensatory damages, and legal fees. (*Id.* at p. 3).

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915. *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).

A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in

---

[1] The court believes that the MTSU President's name is "McPhee."

1

law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless.  *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

The allegations of the complaint are scarce.  As best the court can discern, as early as June of 2012, the plaintiff sought employment on the campus of MTSU.  He alleges that MTSU kept "losing" the plaintiff's job application materials.  The plaintiff came to the MTSU campus to resolve the matter, and security guards surrounded and arrested him.  The plaintiff's car was removed.  The plaintiff states that he was arrested again while trying to locate his car.  (Docket No. 1 at p. 2).

Although the complaint does not identify the legal basis of the claims brought against the defendants in this action, the complaint asks the court to "drop" the charges against the plaintiff, award him compensatory damages, and reimburse the plaintiff for any legal fees associated with this case.  (*Id.* at p. 3).

Neither does the complaint state the nature of the charges pending against the plaintiff.  However, the complaint challenges the validity of the plaintiff's "arrests" on the MTSU campus and seeks the dismissal of the "charges" against the plaintiff.  (*Id.*)  Thus, a decision favorable to the plaintiff in this case would require this court to interfere with what appears to be an ongoing state criminal prosecution.

To the extent that the complaint asks the court to intervene in the pending state criminal proceedings against the plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury.  *Younger v. Harris*, 401 U.S. 37, 46 (1971).  It is also clear that a federal court may *sua sponte* raise the issue of *Younger* abstention.  *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976).

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, a state criminal prosecution of the plaintiff appears to be underway, as the plaintiff was "arrested" and he seeks the dismissal of "charges" against him. Second, there can be no doubt that state criminal proceedings implicate important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, presumably the state court proceedings provide an adequate forum in which the plaintiff can raise constitutional challenges to his arrests and the taking of his property. If the plaintiff raises his constitutional challenges in state court and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Tennessee law. The plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a

desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). In order to overcome the bar of *Younger* abstention, a petitioner must do more than set forth mere allegations of bad faith or harassment. *Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997).

Here, the plaintiff has not alleged or shown that any exception to the *Younger* doctrine is warranted in this case.

**IV. CONCLUSION**

This court is not authorized to interfere with ongoing state criminal proceedings. Accordingly, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. The plaintiff is not in custody, so the court will not construe the plaintiff's complaint to seek *habeas corpus* relief. The plaintiff's complaint will be dismissed with no prejudice to the plaintiff's ability to pursue relief through the appropriate process.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge